UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JAMES LEE MCCLAIN, ET AL., | ) |
| Plaintiff, | ) ) ) |
| VS. | ) No. 18-1241-JDT-cgc ) |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) ) ) ) |
| Defendants. | ) |

ORDER GRANTING MOTION TO RECONSIDER,
DIRECTING PLAINTIFF MCCLAIN TO COMPLY WITH 28 U.S.C. §§ 1915(a)-(b),
AND SEVERING PLAINTIFF HORTON'S CASE

The Court issued an order in this matter on June 25, 2019, directing each *pro se* prisoner Plaintiff to submit an *in forma pauperis* affidavit and a copy of his inmate trust account statement. (ECF No. 11.) On August 7, 2019, the Court dismissed all of the Plaintiffs for failure to comply except Larry D. Horton and Willmer Omar Pacheco-Lopez. (ECF No. 23.) On August 21, 2019, the Court severed the claims of Plaintiff Pacheco-Lopez and granted Plaintiff Horton leave to proceed *in forma pauperis*. (ECF No. 26.) The Court noted that this case would proceed with Horton as the sole Plaintiff. (*Id.* at PageID 123.)

However, James Lee McClain, the lead Plaintiff in this matter who filed the complaint, has moved to reconsider the Court's dismissal of his claims. (ECF No. 29.)

McClain asserts he complied with the Court's June 25th order and has at least twice previously submitted a copy of his trust account statement, though the Court has no record of receiving the documents. (*Id.* at PageID 128-29.) McClain further states he has enclosed another copy of his trust account statement with his motion, (*id.* at PageID 129), but no such copy is included. McClain also suggests that if the Court is not receiving his documents the reason may be that CJC officials are retaliating against him because of this lawsuit; he requests an additional thirty days to submit the required information. (*Id.*)

The motion to reconsider is construed as a motion for relief from the order of dismissal pursuant to Federal Rule of Civil Procedure 60(b). Under subsection (1) of Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding" on the grounds of "mistake, inadvertence, surprise, or excusable neglect." The Court accepts McClain's statement that he has attempted to comply with the Court's prior order and finds that his failure to do so is the result of inadvertence or excusable neglect. The motion for reconsideration is GRANTED, and McClain is reinstated as a party to this action.

Within thirty days from the date of this order, McClain must submit not only a certified copy of his trust account statement but also a properly completed and executed *in forma pauperis* affidavit form, as required under 28 U.S.C. § 1915(a)(2), which he has yet to submit. McClain is reminded that he must submit an *in forma pauperis* affidavit even if he cannot obtain his trust account statement. This is McClain's final opportunity to submit the required financial documents. If McClain fails to comply with the Court's order in a timely matter, the Court will deny him leave to proceed *in forma pauperis* and again dismiss his case pursuant to Federal Rule of Civil Procedure 41(b) for failure to

2

prosecute.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Because McClain remains a party to this action, it is appropriate to sever the claims of Plaintiff Horton into a separate action for the same reasons discussed in the August 21, 2019, order.  Therefore, the Court hereby SEVERS the claims of Plaintiff Larry D. Horton.  The Clerk is DIRECTED to open a new civil action for Plaintiff Horton and to docket in the new action a copy of the complaint, (ECF No. 1), his motion for leave to proceed *in forma pauperis*, (ECF No. 15), the previous order granting him additional time, (ECF No. 23), the previous order granting him leave to proceed *in forma pauperis*, (ECF No. 26), and this order.

The present case will now proceed with James McClain as the sole Plaintiff.[1]  The Court will screen Plaintiff Horton's claims in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) in a separate order in the new case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Because McClain is the lead Plaintiff in this matter, it is more practicable for him to be the remaining Plaintiff, despite the Court's previous order declaring Horton the only remaining Plaintiff.