UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1179-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER ASSESSING PLAINTIFF HORTON'S *PRO RATA*
FILING FEE OF $116.66 PURSUANT TO PLRA,
DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On December 10, 2018, Plaintiff Larry D. Horton and fifteen others, all of whom at the time were incarcerated at the Madison County Criminal Justice Complex (CJC) in Jackson, Tennessee, filed a joint *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) The complaint was opened as case number 18-1241-JDT-cgc. The Court issued an order on August 7, 2019, that, *inter alia*, dismissed all Plaintiffs except Horton and Willmer Omar Pacheco-Lopez. (ECF No. 3.) On August 21, 2019, the Court granted Plaintiff Horton leave to proceed *in forma pauperis* and severed the claims of Pacheco-Lopez. (ECF No. 4.) The Court also noted that Horton's share of the civil filing fee would be assessed in a separate order. (*Id.* at PageID 21.) Thereafter, the lead Plaintiff in case number 18-1241, James Lee McClain, filed a motion to reconsider the dismissal of his claims. (No.

18-1241, ECF No. 29.) The Court granted McClain's motion and reinstated him as a Plaintiff in that case. (ECF No. 5.) The Court also severed Horton's claims into this case. (*Id.* at PageID 24.)[1]

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[2] Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604.

Accordingly, Plaintiff Horton is ORDERED to cooperate fully with prison officials in carrying out this order. It is ORDERED that the trust account officer at Plaintiff's prison shall calculate and submit to the Clerk of Court a partial initial filing fee equal to twenty

---

[1] Despite the Court's earlier statement that Horton would be the sole Plaintiff in 18-1241, (ECF No. 4 at PageID 21), the Court noted that because McClain still was listed as the lead Plaintiff it was more practicable for him to remain in that case and to sever Horton's claims. (ECF No. 5 at PageID 24 n.1.)

[2] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). Under § 1914(b) and the Schedule of Fees set out following the statute, the Clerk also is required to collect an administrative fee of $50 for filing any civil case. However, the additional $50 fee does not apply when a plaintiff is granted leave to proceed *in forma pauperis*.
The only three legitimate Plaintiffs in this matter were Horton and Pacheco-Lopez, both of whom confirmed their consent to join in the complaint by filing motions to proceed *in forma pauperis*, and McClain, who actually submitted the complaint. Therefore, Plaintiff Horton will be liable for one-third of the $350 civil filing fee, or $116.66.
Because the fee cannot be divided equally between three plaintiffs, the Clerk shall disregard the very slight shortfall resulting from the *pro rata* assessment.

percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust account for the six months immediately preceding the completion of the affidavit. 28 U.S.C. § 1915(b)(1).

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's trust account and submit to the Clerk monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until Horton's $116.66 share of the civil filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall submit to the Clerk along with the payment a copy of the prisoner's account statement showing all activity in the account since the last payment under this order. All payments and account statements should be sent to:

Clerk, United States District Court, Western District of Tennessee,
111 S. Highland Ave., Rm. 262, Jackson, TN 38301

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff Horton is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the official in charge of trust fund accounts at Plaintiff's prison.

The complaint also is before the Court for screening. Horton sues the Madison County Sheriff's Department and the State of Tennessee, alleging that these entities and their "employees/representatives," subjected Horton (and all original Plaintiffs in this matter) to deplorable conditions, including mold and mildew on the walls, floors, and ceilings within the CJC. (ECF No. 1 at PageID 2.) The complaint further alleges the cells and pods at the CJC are overpopulated, forcing some inmates to sleep on the floor without a mattress or blanket. (*Id.*) The complaint alleges there are insufficient tables at which to sit during meals, the paint along "the feed trap" is chipped, and that the CJC forces inmates to live in overall "animal conditions." (*Id.*) The complaint also alleges the ceilings leak and have sprouted mushrooms and that the inmates are allowed insufficient shower time. (*Id.*) It is alleged that inmates are confined to their cells "24 hours a day without recreation in an insect infested poorly ventilated area" and that each is allowed only eight square feet of space. (*Id.* at PageID 5.)[3]

The complaint seeks to hold the Madison County Sheriff's Department and the State of Tennessee liable based on a "casual [sic] connection between the officials [sic] conduct and are liable and or responsible for subjecting all plaintiffs and or caused us to be subjected to cruel and unusual punishments." (*Id.* at PageID 7.) The complaint in passing alleges

---

[3] The complaint alleges additional claims specifically on behalf of Plaintiff McClain. (ECF No. 1 at PageID 5-7.) The Court will not address these allegations in this order, as they do not pertain to Horton.

that the State of Tennessee "imposes a hardship on the plaintiffs limited to no access to the courts which is adequate[,] effective and meaningful." (*Id.* at PageID 8.) It further alleges that the State "does not comply with due process of law and or rights." (*Id.*)

The complaint seeks condemnation or repair of the CJC, an end to the alleged overpopulation, cleaning of the mold and mildew, a free health check for every inmate by "qualified doctors," additional mattresses and blankets, fines levied against the Sheriff's Department and State, and $50 million in compensatory damages. (*Id.* at PageID 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint─

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The complaint was filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The claims against the Madison County Sheriff's Department are construed as against Madison County. The complaint, however, does not state a valid § 1983 claim against Madison County. When a § 1983 claim is made against a municipality or county, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality or county is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691 (1978) (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). A municipality may be held responsible for a constitutional deprivation only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

The complaint alleges various problems at the CJC including, among others, uncleanliness, poor inmate treatment, and overcrowding. The complaint at no point, however, suggests that the CJC's many issues are because of an unconstitutional policy or custom of Madison County. The complaint merely alleges that the problems exist. The complaint therefore fails to state a claim against Madison County.

Nor does the complaint state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 253-54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In addition, it appears the CJC, a county jail, is wholly owned and operated by Madison County. Plaintiff does not allege how the State of Tennessee and its employees or representatives have affected conditions at the facility or even that the State has any authority to do so.

Horton's complaint therefore fails to state a claim against either Defendant and must be dismissed.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d at 951; *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Horton should be given an opportunity to amend the complaint.

In conclusion, Horton's complaint is DISMISSED for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend, however, is GRANTED. Any amendment must be filed within twenty-one (21) days after the date of this order.

Horton is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended

complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document.  Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.  If Horton fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

     s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE