UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| LARRY D. HORTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1179-JDT-cgc |
| | ) | |
| MADISON COUNTY SHERIFF'S | ) | |
| DEPARTMENT, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On August 27, 2019, the Court entered an order dismissing *pro se* Plaintiff Larry D. Horton's complaint and granting leave to file an amended complaint. (ECF No. 6.) On September 9, 2019, Horton filed a motion asking the Court to reconsider that ruling. (ECF No. 8.) The Court denied the motion but granted Horton until September 26, 2019, to file an amended complaint. (ECF No. 9.) Horton has filed what the Court will construe as an amended complaint. (ECF No. 10.) Although the Court received the filing on September 30, 2019, it appears Horton submitted it for mailing on September 26, 2019. (*Id.* at PageID 55.) The Court will therefore deem the filing timely and screen it under 28 U.S.C. § 1915A(b). *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

In the amended complaint, Horton reiterates his allegations about the conditions at the Madison County Criminal Justice Complex (CJC) and that he seeks to hold "the entire Madison County Sheriff Department" liable for the conditions. (ECF No. 10 at PageID 52.) He alleges that

he has become ill on several occasions, been bitten by spiders, contracted food poisoning, and suffered mental stress because of the conditions. (*Id.*) Horton asserts that he cannot obtain names of anyone responsible for injuries because he is confined to his cell twenty-three hours a day. (*Id.* at PageID 53.) He references his previous filing, which lists several dates on which he alleged he visited the medical department and received inadequate treatment. (ECF No. 8 at PageID 43-45.) Horton asks the Court to "once again" reconsider its previous order. (ECF No. 10 at PageID 53.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 6 at PageID 30-31), and will not be reiterated here.

As the Court previously noted, the Madison County Sheriff's Department is not an entity subject to suit under § 1983. *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Horton's suit is construed as against Madison County, which may be held liable *only* if Horton's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). However, Horton does not allege that the problems at the CJC, or any injury he suffered as a result, are attributable to a policy or custom of Madison County. He provides no new facts and only reiterates his allegations about the conditions at CJC. Therefore, for the same reasons discussed in the Court's previous order (ECF No. 6 at PageID 32-33), Horton's amended complaint fails to state a claim against Madison County.

To the extent Horton seeks to hold the CJC medical department responsible for his allegedly inadequate treatment, he does not state a claim. Horton lists his symptoms and the dates on which he was seen for treatment, but he does not name any member of the medical staff who failed to treat him adequately. He instead refers only to "they," "medical," or "medical staff." These vague allegations are insufficient to state a claim against any member of the medical

department.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002); *see also Gray v. Weber*, 244 F. App'x 753, 754 (8th Cir. 2007) (affirming dismissal of inmate's § 1983 complaint alleging denial of medical care against defendants identified "only collectively as 'medical staff'").

In conclusion, the Court DISMISSES Horton's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Horton in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Horton would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Horton nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Horton is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Horton, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE